UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND



MELENDEZ, MICHAEL (Pro Se)

vs.

JOHN DOE, in his official and individual capacity
RED ROOF INNS, INC., in its official and individual capacity

## COMPLAINT with JURY DEMAND

### PARTIES TO THIS COMPLAINT:

1. Plaintiff Michael Melendez (76 Fort Eddy Rd, Ste. 1, Concord, NH 03301).

2. Defendant John Doe (988 Hospitality Way, Aberdeen, MD 21001). At all times relevant

    hereto is sued both in his official and individual capacity.

3. Defendant Red Roof Inns, Inc. (988 Hospitality Way, Aberdeen, MD 21001). At all times

    relevant hereto is sued both in its official and individual capacity.

### STATEMENT OF FACTS

4. Plaintiff is a resident of New Hampshire.

5. Defendant John Doe is a resident of Maryland.

6. Defendant Red Roof Inns, Inc. is located in Maryland.

7. Plaintiff Melendez is a "qualified individual with a disability" defined under Title II of the

    Americans with Disabilities Act, 42 U.S.C. § 12131(2).

8. Plaintiff Melendez is a "qualified individual with a disability" defined under Maryland Code.

9. Defendant Red Roof Inns, Inc is a public accommodation defined under 42 U.S.C. § 12181.

10. Defendant Red Roof Inns, Inc is a public accommodation defined under Maryland Code,

    State Government (MCSG) § 20-301.

1

11. Defendant Red Roof Inns, Inc is a.k.a. Red Roof Inn Aberdeen ("Red Roof").

12. Defendant Red Roof is located at 988 Hospitality Way, Aberdeen, MD 21001.

13. Defendant John Doe stated he is the manager of Red Roof, a public accommodation.

14. Defendant John Doe stated he is not the owner of Red Roof.

15. Defendant John Doe stated his name is "Kish."

16. Defendant John Doe stated he didn't want to provide his identification.

17. Defendant John Doe was working as manager at Red Roof Inn on August 21, 2023.

18. All the listed events occurred on August 21, 2023.

## JURISDICTION AND VENUE

19. Plaintiff Melendez's claims arise under: 42 U.S.C. § 12182; 12203; 42 U.S.C. § 1981;

    Maryland Code, State Government (MCSG) 20-304; & Maryland Common Law

20. This Court has jurisdiction over Plaintiff Melendez's federal law claims pursuant to 28 U.S.C.

    § 1331, as this case involves questions of federal law.

21. This Court has supplemental jurisdiction over Plaintiff Melendez's state law claims pursuant

    to 28 U.S.C. § 1367, because the state law claims arise from identical facts as the federal

    claims.

22. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

23. Venue is appropriate as all stated events occurred in Maryland.

## STATEMENT OF CLAIMS

## DEFENDANTS JOHN DOE & RED ROOF DISCRIMINATED AND INTENTIONALLY INTERFERED WITH PLAINTIFF'S PROTECTED RIGHTS BY DEMANDING THE REMOVAL OF PLAINTIFF'S FAMILY, VIOLATING: 42 U.S.C. 12182; 42 U.S.C. 12203; & 42 U.S.C. 1981; MCSG 20-304; NIED; & IIED

**Claim One – Defendants John Doe & Red Roof discriminated against Plaintiff Melendez on the basis of his disability, interfering with Plaintiff's ability to fully enjoy a public accommodation, motel room, violating 42 U.S.C. 12182**

24. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

25. Defendants John Doe and Red Roof were informed of Plaintiff's disability.

26. Defendants were informed Plaintiff did not have any pets.

27. Defendants were informed Plaintiff only possessed service animals.

28. Defendants John Doe and Red Roof discriminated against Plaintiff Melendez by demanding Plaintiff remove himself and his family from the premises by the following morning.

29. Defendants made this demand due to Plaintiff having the service animals.

30. Jordan Abbott, Plaintiff's fiancé and caregiver, advised Defendants, Plaintiff is disabled and requires a service animal to fully enjoy a motel room, a public accommodation.

31. Plaintiff Melendez also advised Defendants, he is disabled and requires a service animal to fully enjoy a motel room, a public accommodation.

32. Despite Plaintiff's well-established rights and multiple disclosures of disability accommodation requirements, Defendants continued demanding Plaintiff leave by morning, violating 42 U.S.C. 12182.

33. Defendants had no legitimate reason to interfere with Plaintiff's rights.

34. Defendants had no reason to believe their actions were lawful.

35. The damage was foreseeable.

36. Defendants' actions were wanton, malicious, or oppressive.

37. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

3

**Claim Two – Defendants John Doe & Red Roof intentionally interfered with Plaintiff's protected right to enjoy a public accommodation, by demanding the removal of Plaintiff and his family, violating 42 U.S.C. 12203**

38. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts  contained in the preceding paragraphs.

39. As described more particularly in Claim One (Paragraphs 24-37), Defendants John Doe and Red Roof's demand for Plaintiff to remove himself and his family, interfered with Plaintiff's enjoyment of a public accommodation, a motel room, likewise violating 42 U.S.C. 12203.

40. Defendants had no legitimate reason to interfere with Plaintiff's rights.

41. Defendants had no reason to believe their actions were lawful.

42. The damage was foreseeable.

43. Defendants' actions were wanton, malicious, or oppressive.

44. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Three – Defendants John Doe & Red Roof's discriminatory actions against Plaintiff Melendez, were motivated by race, violating 42 U.S.C. 1981.**

45. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

46. As described more particularly in Claim One (Paragraphs 24-37), Defendants John Doe and Red Roof's acts of discrimination against Plaintiff Melendez, were motivated by race, likewise violating 42 U.S.C. 1981.

47. In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

48. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Four – Defendants John Doe & Red Roof intentionally discriminated against Plaintiff on the basis of his disability violating MCSG 20-304**

49. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

50. As described more particularly in Claim One (Paragraphs 24-37), Defendants John Doe and Red Roof's demand for Plaintiff to remove himself and his family, interfered with Plaintiff's enjoyment of a public accommodation, a motel room, likewise violating MCSG 20-304.

51. Defendants had no legitimate reason to interfere with Plaintiff's rights.

52. Defendants had no reason to believe their actions were lawful.

53. The damage was foreseeable.

54. Defendants' actions were wanton, malicious, or oppressive.

55. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Five – Defendants John Doe & Red Roof's discriminatory actions against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, violating NIED**

56. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

57. As described more particularly in Claim One (Paragraphs 24-37), Defendants John Doe and Red Roof's acts of discrimination against Plaintiff Melendez negligently inflicted and caused emotional damage on Plaintiff, likewise violating NIED under MD Common Law.

58. Defendants had no legitimate reason to retaliate against Plaintiff for requiring a service animal.

59. Defendants had no reason to believe their actions were lawful.

60. The damage was foreseeable.

61. Defendants' actions were wanton, malicious, or oppressive.

62. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Six – Defendants John Doe & Red Roof's discriminatory actions against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, violating IIED**

63. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

64. As described more particularly in Claim One (Paragraphs 24-37), Defendants John Doe and Red Roof's acts of discrimination against Plaintiff Melendez, intentionally or recklessly inflicted emotional damage on Plaintiff, likewise violating IIED under MD Common Law.

65. Defendants had no legitimate reason to violate Plaintiff's rights.

66. Defendants had no reason to believe their actions were lawful.

67. The damage was foreseeable.

68. Defendants' actions were wanton, malicious, or oppressive.

69. Defendants' actions are outrageous as Defendants: 1) Knew Plaintiff is disabled; 2) are a public accommodation 3) Knew Plaintiff Melendez was traveling with two minors (1y; 2y) 4) Approached Plaintiff at night; 5) Knew was violating Plaintiff's well-established right; 6) Knew was discriminating against Plaintiff's disability; 7) Exacerbated Plaintiff's PTSD symptoms unnecessarily.

70. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; & emotional distress.

**DEFENDANTS JOHN DOE & RED ROOF RETALIATED AND DISCRIMINATED AGAINST PLAINTIFF MELENDEZ BY WRONGFULLY CALLING EMERGENCY SERVICES AGAINST PLAINTIFF FOR OPPOSING DISCRIMINATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; MCSG 20-304; NIED; & IIED**

**Claim Seven – Defendants John Doe & Red Roof retaliated against Plaintiff Melendez for opposing discrimination, by wrongfully calling emergency services, violating 42 U.S.C. 12203**

71. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and

facts contained in the preceding paragraphs.

72. Defendants John Doe and Red Roof retaliated against Plaintiff Melendez for opposing

discrimination, by wrongfully calling emergency services, the police, against Plaintiff

Melendez, violating 42 U.S.C. 12203.

73. Plaintiff advised Defendants of his right to have disability accommodations, including service

animals.

74. In retaliation, Defendants intended to have the police wrongfully remove Plaintiff Melendez

from the public accommodation, a motel room.

75. Defendants had no legitimate reason to call the police against Plaintiff Melendez.

76. Defendants had no reason to believe their actions were lawful.

77. The damage was foreseeable.

78. Defendants' actions were wanton, malicious, or oppressive.

79. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; & emotional distress.

**Claim Eight – Defendants John Doe & Red Roof's retaliatory action to wrongfully call emergency services against Plaintiff Melendez, was motivated by race, violating 42 U.S.C. 1981.**

80. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

81. As described more particularly in Claim Seven (Paragraphs 71-79), Defendants John Doe and Red Roof's retaliatory action to wrongfully call the police against Plaintiff Melendez, was motivated by race, likewise violating 42 U.S.C. 1981.

82. In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

83. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Nine – Defendants John Doe & Red Roof discriminated against Plaintiff Melendez's disability by wrongfully calling emergency services, violating MCSG 20-304**

84. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

85. As described more particularly in Claim Seven (Paragraphs 71-79), Defendants John Doe and Red Roof discriminated against Plaintiff's disability by wrongfully calling the police, likewise violates MCSG 20-304.

86. Defendants had no legitimate reason to interfere with Plaintiff's rights.

87. Defendants had no reason to believe their actions were lawful.

88. The damage was foreseeable.

89. Defendants' actions were wanton, malicious, or oppressive.

8

90. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Ten– Defendants John Doe & Red Roof negligently inflicted emotional damage on Plaintiff Melendez, by wrongfully calling emergency services, violating NIED**

91. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

92. As described more particularly in Claim Seven (Paragraphs 71-79), Defendants John Doe and Red Roof's retaliatory action to wrongfully call the police against Plaintiff Melendez, negligently inflicted emotional damage on Plaintiff, likewise violated NIED under MD Common Law.

93. Defendants had no legitimate reason to interfere with Plaintiff's rights.

94. Defendants had no reason to believe their actions were lawful.

95. The damage was foreseeable.

96. Defendants' actions were wanton, malicious, or oppressive.

97. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Eleven – Defendants John Doe & Red Roof intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, by wrongfully calling emergency services, violating IIED**

98. Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

99. As described more particularly in Claim Seven (Paragraphs 71-79), Defendants John Doe and Red Roof's retaliatory action to wrongfully call the police against Plaintiff Melendez,

intentionally or recklessly inflicted emotional damage on Plaintiff, likewise violated IIED under MD Common Law.

100.    Defendants had no legitimate reason to call emergency service against Plaintiff.

101.    Defendants had no reason to believe their actions were lawful.

102.    The damage was foreseeable.

103.    Defendants' actions were wanton, malicious, or oppressive.

104.    Defendants' actions are outrageous as Defendants: 1) Knew Plaintiff is disabled; 2) Is a

public accommodation; 3) Knew Plaintiff Melendez was traveling with two minors (1y; 2y);

4) Called Emergency Service knowingly without probable cause; 5) Knew was violating

Plaintiff's well-established right; 6) Knew was discriminating against Plaintiff's disability; 7)

Had police approach Plaintiff Melendez for a false investigation; 8) Exacerbated Plaintiff's

PTSD symptoms unnecessarily.

105.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; & emotional distress.

**DEFENDANTS JOHN DOE & RED ROOF DEFAMED PLAINTIFF MELENDEZ'S CHARACTER BY KNOWINGLY MAKING FALSE REPORTS TO EMERGENCY SERVICES AGAINST PLAINTIFF, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; MCSG 20-304; NIED; IIED; FALSE LIGHT & DEFAMATION OF CHARACTER**

**Claim Twelve – Defendants John Doe & Red Roof retaliated against Plaintiff for opposing**

**discrimination, by defaming his character to emergency services, violating 42 U.S.C. 12203**

106.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

107.    As described more particularly in Claim Seven (Paragraphs 71-79), Defendants John Doe

and Red Roof wrongfully called the police against Plaintiff Melendez regarding his service

animals.

108.    Defendants were aware they had no probable cause to call emergency services against Plaintiff.

109.    Defendants knew Plaintiff committed no criminal act.

110.    Defendants were aware all the incidents involving Plaintiff only included civil matters.

111.    Defendants were aware the Police do not enforce civil matters.

112.    Defendants called emergency services under the pretext Plaintiff Melendez was imminently involved in criminal activity.

113.    Defendants intentionally defamed Plaintiff's character to ensure emergency services, the police, would respond.

114.    Defendants had no legitimate reason to misrepresent Plaintiff's character.

115.    Defendants defamed Plaintiff's character in retaliation for being advised of Plaintiff's rights.

116.    Defendants had no reason to believe their actions were lawful.

117.    The damage was foreseeable.

118.    Defendants' actions were wanton, malicious, or oppressive.

119.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Thirteen – Defendants John Doe & Red Roof, motivated by race, defamed Plaintiff Melendez's character to emergency services, violating 42 U.S.C. 1981**

120.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

121.    As described more particularly in Claim Twelve (Paragraphs 106-119), Defendants John Doe and Red Roof's retaliatory act to defame Plaintiff Melendez was motivated by race, likewise violating 42 U.S.C. 1981.

122.    In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

123.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Fourteen – Defendants John Doe & Red Roof, by defaming Plaintiff's character, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

124.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

125.    As described more particularly in Claim Twelve (Paragraphs 106-119), Defendants John Doe and Red Roof's act to defame Plaintiff Melendez's character, negligently inflicted emotional damage on Plaintiff, likewise violated NIED under Maryland Common Law.

126.    Defendants had no legitimate reason to interfere with Plaintiff's rights.

127.    Defendants had no reason to believe their actions were lawful.

128.    The damage was foreseeable.

129.    Defendants' actions were wanton, malicious, or oppressive.

130.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Fifteen – Defendants John Doe & Red Roof, by defaming Plaintiff's character, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

12

131.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

132.    As described more particularly in Claim Twelve (Paragraphs 106-119), Defendants John Doe One and Red Roof's act to defame Plaintiff Melendez's character, intentionally or recklessly inflicted emotional damage on Plaintiff, likewise violated IIED under Maryland Common Law.

133.    Defendants had no legitimate reason to interfere with Plaintiff's rights.

134.    Defendants had no reason to believe their actions were lawful.

135.    The damage was foreseeable.

136.    Defendants' actions were wanton, malicious, or oppressive.

137.    Defendants' actions are outrageous as Defendants: 1) Knew Plaintiff is disabled; 2) Is a public accommodation; 3) Knew Plaintiff Melendez was traveling with two minors (1y; 2y); 4) Called Emergency Service knowingly without probable cause; 5) Knew was violating Plaintiff's well-established right; 6) Knew was discriminating against Plaintiff's disability; 7) Had significant amount of police approach Plaintiff Melendez for a false investigation; 8) Exacerbated Plaintiff's PTSD symptoms unnecessarily.

138.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Sixteen – Defendants John Doe & Red Roof retaliated against Plaintiff by false lighting Plaintiff's character to emergency services, violating Invasion of Privacy: False Light**

139.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

13

140.     As described more particularly in Claim Twelve (Paragraphs 106-119), Defendants John Doe and Red Roof's act against Plaintiff Melendez's character, likewise violated Invasion of Privacy: False Light under Maryland Common Law.

141.     Defendants placed Plaintiff in a false light by wrongfully and widely stating Plaintiff was engaged in criminal activity knowing it to be false.

142.     Defendants specifically identified Plaintiff Melendez as being the perpetrator of criminal activity.

143.     Defendants are at fault for the misleading statements.

144.     Defendants had no reason to believe their actions were lawful.

145.     The damage was foreseeable.

146.     Defendants' actions were wanton, malicious, or oppressive.

147.     As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Seventeen – Defendants John Doe & Red Roof defamed Plaintiff's character to emergency services, violating Defamation of Character**

148.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

149.     As described more particularly in Claim Twelve (Paragraphs 106-119), Defendants John Doe and Red Roof's act of defamation of character against Plaintiff Melendez, likewise violated Defamation of Character under NH Common Law.

150.     Defendants defamed Plaintiff's character by stating Plaintiff was engaged in criminal activity knowing it to be false.

151.     Defendants did not have any privilege in making defamatory comments.

152.   Defendants intentionally or recklessly made the defamatory comments.

153.   Defendants had no reason to believe their actions were lawful.

154.   The damage was foreseeable.

155.   Defendants' actions were wanton, malicious, or oppressive.

156.   As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; & emotional distress.

**DEFENDANTS JOHN DOE & RED ROOF DEFAMED PLAINTIFF MELENDEZ'S CHARACTER BY KNOWINGLY MAKING DEFAMING STATEMENTS REGARDING PLAINTIFF'S FINANCIAL STATUS, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; NIED; IIED; FALSE LIGHT; & DEFAMATION OF CHARACTER**

**Claim Eighteen – Defendants John Doe & Red Roof retaliated against Plaintiff for opposing**

**discrimination, by defaming his character to the general public, violating 42 U.S.C. 12203**

157.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

158.   As described more particularly in Claim One (Paragraphs 24-37), Defendants John Doe

and Red Roof were advised of Plaintiff's disability and need for service animal to enjoy the

public accommodation, a motel room.

159.   In response to this advisement, Defendants yelled in the parking lot, "You didn't even

pay for the room!"

160.   Defendants knew they had no legitimate reason to announce that statement in front of

the general public.

161.   Defendants defamed Plaintiff's character in retaliation for being advised of Plaintiff's

rights, violating 42 U.S.C. 12203.

162.   Defendants had no reason to believe their actions were lawful.

163.   The damage was foreseeable.

164.     Defendants' actions were wanton, malicious, or oppressive.

165.     As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Nineteen – Defendants John Doe & Red Roof, motivated by race, defamed Plaintiff Melendez's character to the general public, violating 42 U.S.C. 1981**

166.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

167.     As described more particularly in Claim Eighteen (Paragraphs 157-165), Defendants John Doe and Red Roof's retaliatory act to defame Plaintiff Melendez was motivated by race, likewise violating 42 U.S.C. 1981.

168.     In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

169.     As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Twenty – Defendants John Doe & Red Roof, by defaming Plaintiff's character, negligently inflicted emotional damage on Plaintiff Melendez, violating NIED**

170.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

171.     As described more particularly in Claim Eighteen (Paragraphs 157-165), Defendants John Doe and Red Roof's act to defame Plaintiff Melendez's character, negligently inflicted emotional damage on Plaintiff, likewise violated NIED under Maryland Common Law.

172.     Defendants had no legitimate reason to interfere with Plaintiff's rights.

16

173.   Defendants had no reason to believe their actions were lawful.

174.   The damage was foreseeable.

175.   Defendants' actions were wanton, malicious, or oppressive.

176.   As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Twenty-one – Defendants John Doe & Red Roof, by defaming Plaintiff's character, intentionally or recklessly inflicted emotional damage on Plaintiff Melendez, violating IIED**

177.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

178.   As described more particularly in Claim Eighteen (Paragraphs 157-165), Defendants John Doe One and Red Roof's act to defame Plaintiff Melendez's character, intentionally or recklessly inflicted emotional damage on Plaintiff, likewise violated IIED under Maryland Common Law.

179.   Defendants had no legitimate reason to interfere with Plaintiff's rights.

180.   Defendants had no reason to believe their actions were lawful.

181.   The damage was foreseeable.

182.   Defendants' actions were wanton, malicious, or oppressive.

183.   Defendants' actions are outrageous as Defendants: 1) Knew Plaintiff is disabled; 2) Is a public accommodation; 3) Knew Plaintiff Melendez was traveling with two minors (1y; 2y); 4) Called Emergency Service knowingly without probable cause; 5) Knew was violating Plaintiff's well-established right; 6) Knew was discriminating against Plaintiff's disability; 7) Had significant amount of police approach Plaintiff Melendez for a false investigation; 8) Exacerbated Plaintiff's PTSD symptoms unnecessarily.

184.     As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Twenty-Two – Defendants John Doe & Red Roof retaliated against Plaintiff by false lighting Plaintiff's character to the general public, violating Invasion of Privacy: False Light**

185.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

186.     As described more particularly in Claim Eighteen (Paragraphs 157-165), Defendants John Doe and Red Roof's act against Plaintiff Melendez's character, likewise violated Invasion of Privacy: False Light under Maryland Common Law.

187.     Defendants placed Plaintiff in a false light by wrongfully and widely stating "You didn't even pay for the room!"

188.     Defendants specifically identified Plaintiff Melendez as being evicted for nonpayment.

189.     Defendants are at fault for the misleading statements.

190.     Defendants had no reason to believe their actions were lawful.

191.     The damage was foreseeable.

192.     Defendants' actions were wanton, malicious, or oppressive.

193.     As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Twenty-three – Defendants John Doe & Red Roof defamed Plaintiff's character to the general public, violating Defamation of Character**

194.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

195.     As described more particularly in Claim Eighteen (Paragraphs 157-165), Defendants John

Doe and Red Roof's act of defamation of character against Plaintiff Melendez, likewise

violated Defamation of Character under NH Common Law.

196.     Defendants defamed Plaintiff's character when stating Plaintiff didn't pay for the motel

room, knowing it to be false.

197.     Defendants did not have any privilege in making defamatory comments.

198.     Defendants intentionally or recklessly made defamatory comments.

199.     Defendants had no reason to believe their actions were lawful.

200.     The damage was foreseeable.

201.     Defendants' actions were wanton, malicious, or oppressive.

202.     As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden;

aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental

suffering; & emotional distress.

### DEFENDANTS JOHN DOE & RED ROOF DISCRIMINATED AGAINST PLAINTIFF ON THE BASIS OF DISABILITY, BY DEMANDING PLAINTIFF MELENDEZ LEAVE A PUBLIC ACCOMMODATION, VIOLATING: 42 U.S.C. 12203; 42 U.S.C. 1981; MCSG 20-304; NIED; & IIED

**Claim Twenty-four – Defendants John Doe & Red Roof retaliated against Plaintiff Melendez for opposing discrimination, by demanding Plaintiff Melendez Immediately Leave a Public Accommodation, violating 42 U.S.C. 12203**

203.     Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations

and facts contained in the preceding paragraphs.

204.     Defendants John Doe and Red Roof retaliated against Plaintiff Melendez for opposing

discrimination, by demanding Plaintiff Melendez immediately remove himself and his family

from the public accommodation, motel room, as a consequence for advising of disability

rights, violating 42 U.S.C. 12203.

19

205.   Defendants had no reason to believe their actions were lawful.

206.   The damage was foreseeable.

207.   Defendants' actions were wanton, malicious, or oppressive.

208.   As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Twenty-five – Defendants John Doe & Red Roof's retaliatory act to wrongfully demand Plaintiff Melendez immediately leave a public accommodation, was motivated by race, violating 42 U.S.C. 1981.**

209.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

210.   As described more particularly in Claim Twenty-four (Paragraphs 203-208), Defendants John Doe and Red Roof's retaliatory act to wrongfully demand Plaintiff Melendez immediately leave a public accommodation, was motivated by race, likewise violating 42 U.S.C. 1981.

211.   In discriminating against Plaintiff Melendez based on his race, Defendants acted with willful and/or reckless disregard of Plaintiff's protected rights.

212.   As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Twenty-six – Defendants John Doe & Red Roof discriminated against Plaintiff Melendez on the basis of disability, by demanding Plaintiff Melendez Immediately Leave a Public Accommodation, violating MCSG 20-304**

213.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

214.    As described more particularly in Claim Twenty-four (Paragraphs 203-208), Defendants John Doe and Red Roof discriminated against Plaintiff Melendez on the basis of his disability. Defendants demanded Plaintiff Melendez immediately remove himself and his family from the public accommodation, motel room, as a consequence for having service animals, likewise violating MCSG 20-304.

215.    Defendants had no legitimate reason to interfere with Plaintiff's rights.

216.    Defendants had no reason to believe their actions were lawful.

217.    The damage was foreseeable.

218.    Defendants' actions were wanton, malicious, or oppressive.

219.    As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

**Claim Twenty-seven – Defendants John Doe & Red Roof negligently inflicted emotional damage on Plaintiff Melendez, by demanding Plaintiff Melendez Immediately Leave a Public Accommodation, violating NIED**

220.    Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations and facts contained in the preceding paragraphs.

221.    As described more particularly in Claim Twenty-four (Paragraphs 203-208), Defendants John Doe and Red Roof negligently inflicted emotional damage on Plaintiff, by demanding Plaintiff Melendez immediately remove himself and his family from the public accommodation, a motel room, as a consequence for having service animals, likewise violating NIED under Maryland Common Law.

21

222.   Defendants had no legitimate reason to interfere with Plaintiff's rights.

223.   Defendants had no reason to believe their actions were lawful.

224.   The damage was foreseeable.

225.   Defendants' actions were wanton, malicious, or oppressive.

226.   As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden;
aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental
suffering; & emotional distress.

**Claim Twenty-eight – Defendants John Doe & Red Roof intentionally or recklessly inflicted emotional**
**damage on Plaintiff Melendez, by demanding Plaintiff Melendez Immediately Leave a Public**
**Accommodation, violating IIED**

227.   Plaintiff Melendez re-alleges and incorporates herein by reference, all of the allegations
and facts contained in the preceding paragraphs.

228.   As described more particularly in Claim Twenty-four (Paragraphs 203-208), Defendants
John Doe and Red Roof intentionally or recklessly inflicted emotional damage on Plaintiff, by
demanding Plaintiff Melendez immediately remove himself and his family from the public
accommodation, a motel room, as a consequence for having service animals, likewise
violating IIED under Maryland Common Law.

229.   Defendants had no reason to believe their actions were lawful.

230.   The damage was foreseeable.

231.   Defendants' actions were wanton, malicious, or oppressive.

232.   Defendants' actions are outrageous as Defendants: 1) Knew Plaintiff is disabled; 2) Is a
public accommodation; 3) Knew Plaintiff Melendez was traveling with two minors (1y; 2y);
4) Called Emergency Service knowingly without probable cause; 5) Knew was violating
Plaintiff's well-established right; 6) Knew was discriminating against Plaintiff's disability; 7)

Had significant amount of police approach Plaintiff Melendez for a false investigation; 8) Exacerbated Plaintiff's PTSD symptoms unnecessarily 9) Knew was kicking a family onto the streets 10) Was done without cause.

233. As a result of the Defendants' actions, Plaintiff Melendez suffered: undue burden; aggravation of disability symptoms; financial loss; loss of reputation; humiliation; mental suffering; & emotional distress.

## PRAYER FOR RELIEF

A. Compensatory damages for all past and future economic losses incurred by the Plaintiff resulting from the Defendants' misconduct to be determined at trial.

B. General damages for all past and future mental suffering, emotional distress, loss of reputation and embarrassment suffered by the Plaintiff resulting from the Defendants' misconduct to be determined at trial.

C. Punitive damages for willful or reckless disregard for Plaintiff Melendez's rights and intentionally causing emotional damage to be determined at trial.

D. Pre-judgment and post-judgment interest.

E. Declare that the Defendants' acts, taken in their official capacities, as alleged above violate 42 U.S.C. § 12203; § 12182; § 1981; and Maryland State Law.

F. Declare that the Defendants' acts, taken in their individual capacities, as alleged above violate 42 U.S.C. § 12203; § 12182; § 1981; and Maryland State Law.

G. Costs incurred in this action.

H. Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

I. A jury trial on all appropriate issues.

J. Any and all other relief this Court may deem appropriate.

Date: August 31, 2023                              Signature: _/s/ Michael Melendez, pro se_

Name: Michael Melendez
Address: 76 Fort Eddy Road
            Ste. 1
            Concord, NH 03301
Telephone No.: (915) 490-6715